IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOUGLAS HUGHES, JR.**, | Case No. 3:13-cv-00480-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CAROLYN W. COLVIN,** Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On July 16, 2014, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. Dkt. 19. Plaintiff's counsel now moves for attorney's fees of $6,095.00 pursuant to 42 U.S.C. § 406(b). Dkt. 25. This figure represents approximately 25 percent of Plaintiff's retroactive benefits. Plaintiff's counsel requests an additional payment from Plaintiff of $2,410.66, which represents the requested $6,095.00 less the total EAJA fees previously awarded of $3,684.34. Although defendant does not object to the proposed award,[1] this court must perform an independent review

---

[1] Plaintiff filed his motion as "unopposed" but states in the motion only that "defense counsel has been informed" of the motion. The Court clarified with Plaintiff's counsel that the motion is, in fact, unopposed.

PAGE 1 – ORDER

to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at

PAGE 2 –ORDER

1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and her counsel. Dkt. 25-2. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, the requested fee award of approximately 25 percent is within the statutory maximum.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case, and finds that no downward adjustment is warranted. Plaintiff's counsel achieved good results for Plaintiff in litigating this case twice before this Court (remand for an for further proceedings), the representation of Plaintiff was professional, there was no significant delay attributable to Plaintiff's counsel, and the fee was in proportion to the time spent on the case and would not result in a windfall to Plaintiff's counsel. Plaintiff's counsel spent approximately 4.5 hours on the case and a law clerk in counsel's office spent approximately 26.1 hours. The effective hourly rate sought by Plaintiff's counsel is $774.44 for attorney time and $100 for law clerk time.

The attorney hourly rate is below effective hourly rates that have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84). The $100 effective hourly rate for law clerk time is also reasonable. *See Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) (awarding fees for time spent by law student interns at a rate of $75 per

PAGE 3 –ORDER

hour because the rate was in line with prevailing rates for similar services by persons "of reasonably comparable skill, experience and reputation") (quotation marks and citation omitted); *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, 2014 WL 3546858, at *15 (D. Or. Jul. 15, 2014) (awarding fees for time spent by law student clerks at a rate of $125 per hour).

## CONCLUSION

Plaintiff's counsel's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. 25) is GRANTED. Plaintiff's counsel is entitled to $6,095.00 in § 406(b) fees, representing approximately 25 percent of Plaintiff's retroactive benefits recovery. When issuing the section 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the $3,684.34 previously awarded under the EAJA and send Plaintiff's attorney the balance of $2,410.66, less any applicable administrative assessment as allowed by statute.

**IT IS SO ORDERED.**

DATED this 22nd day of October, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 –ORDER